Case 4:21-cv-03841   Document 1-2   Filed on 11/22/21 in TXSD   Page 1 of 12

8/31/2021 10:30 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56849011
By: Cynthia Clausell-McGowan
Filed: 8/31/2021 10:30 PM

2021-55862 / Court: 190

CAUSE NO. _____

| | | |
|---|---|---|
| **AIDA SERRANO BOLIGAN**<br>*Plaintiff,* | § § § § | IN THE DISTRICT COURT |
| V. | § § § § § | _____ JUDICIAL DISTRICT |
| **JULIO CESAR LAM GARCIA** *and*<br>**REMY COINTREAU USA, INC.** *formerly*<br>**REMY AMERIQUE, INC.**<br>*Defendants.* | § § § § | OF HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES,** Aida Serrano Boligan (hereinafter "Plaintiff"), complaining of and about Julio Cesar Lam Garcia, Remy Cointreau USA, Inc. *formerly* Remy Amerique, Inc. (collectively, as "Defendants") and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 3 of Rule 190.

### PARTIES AND SERVICE

2. Plaintiff Aida Serrano Boligan is an individual who resides in Texas.

3. Defendant, Julio Cesar Lam Garcia is an individual who resides in Dade County at 151 SW 122nd Avenue, Apartment 12, Miami, Florida 33184-2835. Service of said Defendant may be effected by serving the Chair of the Texas Transportation Commission by a legal process server at:

>   J. Bruce Bugg, Jr., Chairman
>   Texas Transportation Commission
>   125 E. 11th Street

**EXHIBIT B**

Austin, Texas 78701-2483

The citation should direct the Chair of the Texas Transportation Commission to forward the citation and petition to:

Julio Cesar Lam Garcia
151 SW 122nd Avenue, Apartment 12
Miami, Florida 33184-2835.

4. Defendant, Remy Cointreau USA, Inc. formerly Remy Amerique, Inc. (hereinafter "Remy Cointreau") is a foreign for-profit corporation, licensed to and doing business in the state of Texas. It may be served with process by serving its registered agent United States Corporation Company *or any other registered agent, officer or director* at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218, or any others address that may be found.

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Plaintiff seeks:

   a. damages over $1,000,000.

7. This court has jurisdiction over the parties because Plaintiff is a Texas resident.

8. Venue in Harris County is proper as a permissive venue under the Texas Civil Practice and Remedies Code because Harris County is the county of residence of Plaintiff.

## FACTS

9. On or about December 4, 2019 Plaintiff was crossing the street at the intersection of North East 2nd Avenue and North East 3rd Street in Miami, (Dade County) Florida when Defendant, Michael Muench drove in a careless and reckless manner, failed to keep a proper lookout and failed to yield the right of way to pedestrian and struck Plaintiff thereby causing a major accident. At the time of the accident, Plaintiff suffered multiple and severe damages



including but not limited to personal injuries.

### PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANT LAM GARCIA

10. Defendant, Lam Garcia had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

11. Plaintiff's injuries were proximately caused by Defendant, Lam Garcia's negligent, careless and reckless disregard of said duty.

12. The negligent, careless and reckless disregard of duty of Defendant, Lam Garcia consisted of, but is not limited to, the following acts and omissions:

   A. In that Defendant, Lam Garcia failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   B. In that Defendant, Lam Garcia failed to turn his motor vehicle in a safe direction to avoid the incident complained of;

   C. In that Defendant, Lam Garcia was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

   D. In that Defendant, Lam Garcia failed to timely apply his brakes to his motor vehicle;

   E. In that Defendant, Lam Garcia failed to keep a proper distance from Plaintiff that would have been maintained by a person of ordinary prudence under the same or similar circumstances; and

   F. In that Defendant, Lam Garcia was driving recklessly with a willful and wanton disregard for the safety of others.

### CAUSES OF ACTION AGAINST DEFENDANT, REMY COINTREAU USA, INC. FORMERLY REMY AMERIQUE, INC.

13. Defendant, Remy Cointreau USA, Inc. formerly Remy Amerique, Inc. committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of Plaintiff's resulting damages. Remy Cointreau USA, Inc. formerly



Remy Amerique, Inc. was the owner of the vehicle driven by Defendant, Lam Garcia at the time of the accident. Remy Cointreau USA, Inc. formerly Remy Amerique, Inc.' negligent acts include, but are not limited to:

    a.    Negligently entrusting the duties and responsibilities of a vehicle to Defendant, Lam Garcia an unlicensed, unqualified or reckless driver;

    b.    Negligently inspecting or maintaining a commercial vehicle in working order;

    c.    Negligent hiring, supervision and training of competent employees.

14.    All of the acts of negligence alleged against Defendant, Lam Garcia are expressly incorporated by reference herein and were proximate causes of Plaintiff's resulting damages recognizable by law.

## EXEMPLARY DAMAGES

15.    All of the Defendants' acts or omissions described above, when viewed from the standpoint of the Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

16.    Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendants.

## DAMAGES FOR PLAINTIFF AIDA SERRANO BOLIGAN

17.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, was caused to suffer injuries to his head, neck, spine, shoulders, arms, wrists, back, hips, legs and ankles, and to incur the following damages:

    A.    Reasonable medical care and expenses in the past. These expenses were


EXHIBIT B

incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Loss of earnings in the past;

H. Loss of earning capacity which will, in all probability, be incurred in the future;

I. Loss of consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

J. Loss of consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

K. Loss of household services in the past;

L. Loss of household services in the future;

M. Disfigurement in the past;



      N.      Disfigurement in the future;

      O.      Mental anguish in the past;

      P.      Mental anguish in the future;

      Q.      Fear of future disease or condition; and

      R.      Cost of medical monitoring and prevention in the future.

## NOTICE OF DISCLOSURE FROM DEFENDANTS

18. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants must disclose, within thirty (30) days from filing their Answer, the information and material described in 194.2 (1) through (12). **Defendants are instructed to answer separately**.

## RULE 193.7 NOTICE

19. Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against Defendants at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.


EXHIBIT B

Respectfully submitted,

**LAW OFFICES OF MARCOS & ASSOCIATES, P.C.**

By: _____
**Nefi K. Lopez**
Texas Bar No. 24106219
**David Ortez**
Texas Bar No. 24088163
**Ryan Beason**
Texas Bar No. 1991200
**Lupe Pena**
Texas Bar No. 24084332
**Javier Marcos, Jr.**
Texas Bar No. 24028925
228 Westheimer Road
Houston, TX 77006
**Telephone:** (713) 528-7711
**Facsimile:** (713) 528-7710
**E-service:** e-service_nefi@marcoslaw.com
**ATTORNEYS FOR PLAINTIFF**

PLAINTIFF'S ORIGINAL PETITION                                                                PAGE 7 OF 7
EXHIBIT B

CAUSE NO. 2021-55862

| | | |
|---|---|---|
| AIDA SERRANO BOLIGAN, *Plaintiff*, | § § § | IN THE DISTRICT COURT OF |
| v. | § § | 190TH JUDICIAL DISTRICT |
| JULIO CESAR LAM GARCIA *and* REMY COINTREAU USA, INC. *formerly* REMY AMERIQUE, INC., *Defendants*. | § § § § | HARRIS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, REMY COINTREAU USA, INC. formerly REMY AMERIQUE, INC., Defendant in the above-entitled and numbered cause, and for answer to the Plaintiff's pleadings on file herein, would respectfully show unto the Court as follows:

### A.
### GENERAL DENIAL

1. Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully request that Plaintiff be required to prove the charges and allegations against Defendant by the evidence as is required by the laws of the State of Texas.

### B.
### AFFIRMATIVE DEFENSES

2. Defendant pleads Chapter 33 of the Texas Civil Practice and Remedies Code, and asks the Court and Jury to consider the relative damages and conduct of the parties and all tortfeasors, including the Plaintiff, and accord the Defendant full benefit of said law. The

1

EXHIBIT B

Defendant is entitled to an offset, credit or percentage reduction based upon a determination of the relative fault of all persons and tortfeasors or upon the amount of money paid by all other Defendants, persons, and/or tortfeasors to Plaintiffs.

3. The Plaintiff's "right" to recover medical expenses is limited by the provisions of Tex. Civ. Prac. & Rem. Code 41.0105. Thus, recovery of medical or health care expenses incurred by Plaintiff is limited to the amount actually paid or incurred by or on behalf of the Plaintiff.

4. Defendant pleads the defense set forth in Tex. Civ. Prac. and Rem. Code Section 18.091, requiring Plaintiff to prove his loss of earnings and/or loss of earning capacity in the form which represents his net loss after reduction for income tax payments or unpaid tax liability on said loss of earnings claim pursuant to any federal income tax law. TEX.CIV.PRAC. & REM. CODE §18.091. Additionally, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiffs, if any, is subject to federal and state income taxes.

5. Defendant denies that any condition from which either Plaintiff is suffering, if any, is the result directly or indirectly of the occurrence alleged in Plaintiff's Petition, but the Defendant says that if the Plaintiff is suffering from any illness, disease, or condition claimed by Plaintiff, the same in whole or in part was and is the result of some prior or subsequent accident, injury, disease, physical defect, or bodily condition, for which this Defendant is not responsible and which did not proximately result from the occurrence made the basis of this suit.

EXHIBIT B

6. Defendant would show that Plaintiff's past medical expense is neither reasonable nor necessary.

7. Defendant affirmatively seeks the protection of any statute and/or law which caps, restricts, limits or modifies the amount of monetary damages which might be awarded against them in connection with this lawsuit.

8. Defendant specifically denies that Defendant employed Julio Cesar Lam Garcia. Rather, Julio Cesar Lam Garcia was a pedestrian at the time of the incident and not under the course, scope or control of Defendant. As such, Defendant denies that Defendant negligently entrusted any vehicle to Julio Cesar Lam Garcia; Defendant denies that Defendant negligently hired, supervised or trained Julio Cesar Lam Garcia and Defendant further denies that Defendant is vicariously liable for any acts of Julio Cesar Lam Garcia.

9. Defendant specifically denies any allegations of gross negligence and entitlement to exemplary damages. In the unlikely event Defendant is found liable in this cause, Defendant hereby claims the protections and defenses accorded to it pursuant to Chapter 41 of the Texas Civil Practices and Remedies Code, the due process clause of the Federal Constitution, and the 14th Amendment.

10. Any damages recoverable should be limited to the amounts and conditions set forth in Chapter 41.001-.013 of the Texas Civil Practice & Remedies Code, and more specifically, the limit of liability, if any, should be in conformance with the amount set forth in §41.008, Texas Civil Practice & Remedies Code. Defendant hereby requests a bifurcated trial on gross negligence/exemplary damages.

EXHIBIT B

## C.
## JURY DEMAND

11. Defendant herein demands a trial by jury on all contested fact issues. On this date, a jury fee has been paid.

WHEREFORE, PREMISES CONSIDERED, the above-named Defendant, REMY COINTREAU USA, INC. formerly REMY AMERIQUE, INC., having fully answered herein, prays that Plaintiff take nothing by reason of this suit, and that Defendant be discharged. Defendant prays further that all court costs expended or incurred in this cause be assessed and taxed against Plaintiff, and for all such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**GERMER, PLLC**

By: _/s/ Robin Blanchette_
    ROBIN N. BLANCHETTE
    State Bar No. 24045509
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas  77019
*Telephone*: (713) 650-1313
*Facsimile:* (713) 739-7420
*E-Mail:* rblanchette@germer.com

ATTORNEY FOR DEFENDANT
REMY COINTREAU USA, INC. formerly
REMY AMERIQUE, INC.

4

EXHIBIT B

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing instrument has been duly sent by e-serve, on November 22, 2021, to the following counsel:

e-service_nefi@marcoslaw.com
Nefi K. Lopez
David Ortez
Ryan Beason
Lupe Pena
Javier Marcos, Jr.
Law Offices of Marcos & Associates, P.C.
228 Westheimer Road
Houston, Texas 77006

                                      ROBIN N. BLANCHETTE

EXHIBIT B